As to architect's certificate, see Flaherty *v.* Miner, 123 N. Y. 382; Thomas *v.* Fleury, 26 Id. 33; Nolan *v.* Whitney, 88 Id. 648; Smith *v.* Alker, 102 Id. 90; Bowery Nat. Bk. *v.* Mayor, etc., 63 Id. 339; Hopper *v.* Cutting, 37 N. Y. St. Rep. 504; Glacius *v.* Black, 50 N. Y. 149; Doll *v.* Noble, 116 Id. 230; Byron *v.* Bell, 10 N. Y. Supp. 693; Smith *v.* Brady, 17 N. Y. 176 ; Wyckoff *v.* Meyers, 44 Id. 145; United States *v.* Robeson, 9 Peters, 328; Whiteman *v.* Mayor, etc., 21 Hun, 121; Smith *v.* Wright, 4 Id. 652.

SAMUEL H. RANDALL, Respondent, *v.* JACOB H. SHERMAN *et al.*, Appellant.

*Court of Appeals, March 25, 1892.*

*Reference. Compulsory.*—Where the complaint alleges that the defendants are indebted to the plaintiff in a certain sum upon an account for services rendered as attorney and counsel, between certain dates, in defending a certain action, and that the services are of the reasonable value stated, and the answer puts in issue the indebtedness and the value of plaintiff's services, the conditions essential to the ordering of a compulsory reference do not exists, even though the plaintiff makes out his bill so as to specify the numerous acts and services required in the progress of the litigation.

Appeal from order of the New York superior court, general term, affirming order of reference.

*John Brooks Leavitt,* for appellants.

*Samuel H. Randall*, respondent in person.

GRAY, J.—We think that the court did not have the power to order a compulsory reference of the trial of the issue in this action. Such a reference can only be ordered when the trial will require the examination of a long account and will not involve the decision of difficult questions of law. Code Civ. Pro., § 1013.

The complaint in this action alleged an indebtedness of the defendants to the plaintiff in a certain sum, upon an account for services rendered to them as attorney and counsel, between certain dates, in defending a certain action and that the services were of the reasonable value stated. The answer put in issue the indebtedness and alleged the reasonable value of the plaintiff's services to be less than averred. When the plaintiff made his application for the order of reference, upon the pleadings, those conditions did not appear, nor did they exist, which the Code prescribes as essential to the granting of the order.

No account was involved in the issue as the subject of investigation ; and the only sense in which it can be pretended that an account could come under consideration at all would be that in deference to some request of the defendants, the plaintiff had, before bringing his action, rendered an account, or bill, itemizing his services. The question presented in such an action is that of *quantum meruit*. The services were rendered as the defendants' attorney and counsel in and about the one action, and although they are capable of more or less itemization, that fact does not bring the action into that class which becomes referable as requiring the examination of a long account.

The plaintiff by making out his bill so as to specify the numerous acts and services required in the various stages of the litigation does not make that, the " long account " which the statute speaks of. The bill itself does not include anything but services rendered upon the one retainer. His

Opinion of the Court, by GRAY, J.

cause of action was single, as his contract was entire. The service he was retained to render was essentially single ; although it required distinct steps and proceedings on his part, before the purpose of his employment was fully accomplished. Bathgate *v.* Haskin, 59 N. Y. 533. The demand in his complaint was for a sum which represented an aggregate charge for several, and more or less different, acts and services. These are, of course, the subjects of valuation ; but their proof, in any mode adopted upon the trial, would not convert the subject of plaintiff's action into one involving the " long account " of the statute.

The orders of the general and special terms should be reversed and the motion for a reference denied, with costs.

All concur, except FINCH, J., absent.

### NOTE.

As to compulsory reference, see Thayer *v.* McNaughton; Lamberson *v.* Same, 117 N. Y. 111; Miller *v.* Fogg, 37 N. Y. St. Rep. 366; Canda *v.* Robbins, 55 Hun, 604; Searle *v.* Davis, 39 N. Y. St. Rep. 169; Keller *v.* Payne, 51 Hun, 313; People *v.* Wood, 121 N. Y. 522; Degener *v.* Underwood, 57 Supr. 583; Mitchell *v.* Oliver, 56 Hun, 208; Harris *v.* Separator, 51 Id. 639; Shipman *v.* Bank of State of N. Y., 53 Id. 637; Risley *v.* Jewett, Id. 636; Childs *v.* Mayer, 52 Id. 615; Betjemann *v.* Brooks, 52 Id. 611; Fiero *v.* Paulding, 53 Id. 633; Blake *v.* Harrigan, 60 Id. 580; Cont. Ins. Co. *v.* P. Ins. Co., 55 Id. 609; Keogh M. Co. *v.* Molten, 61 Id. 626; Simmons *v.* Bigelow, 53 Id. 637; Quinn *v.* McDonald, 57 Id. 590; Reiser *v.* Plath, 36 N. Y. St. Rep. 34.